W. D. ADAIR, TAX COLLECTOR, v. F. B. ROBINSON ET AL.

No. 446.

**1. Taxation of Stock of National Banks.** — The value of bonds and legal tender notes held by a national bank on the first day of January of the year for which assessment of taxes is made, can not be deducted from the amount of capital stock of the bank, in arriving at the value of the bank shares for the purpose of assessment of them for taxes in the hands of the shareholders, but the shares may be assessed at par value. Citing Van Allen v. The Assessors, 3 Wallace, 573.

**2. Taxation Equal and Uniform.**—Section 1, article 8, of the Constitution, declaring that all taxation shall be equal and uniform, is not violated when no person or class of persons in the taxing district is taxed at a different rate than are other persons in the same district upon the same value or the same thing. A tax levied upon shares of bank stock is a tax on one thing, and the tax levied upon the money of a private banker is a tax upon another and a different thing, and the above article of the Constitution is not infringed by allowing a private banker in rendering his money for assessment to except legal tender notes and United States bonds, and denying the owners of national bank stock the right to deduct from its actual value a pro rata of the amount of money invested by the bank in such notes or bonds.

**3. National Banks Discussed.**—National banks are fiscal agents of the Federal government, and are not subject to taxation by the State governments. Its money, unlike that of a private person, is exempt from taxation, but to permit the stockholders to use its money to reduce the assessments upon their shares. would be an abuse of the franchise granted to the bank.

**4. Bank as Owner of Realty.** — The bank owned no realty, and the question whether the assessment would have been correct in that event is not before us.

APPEAL from Walker. Tried below before Hon. N. G. KITTRELL.

*McKinney & Hill,* for plaintiff in error.—The defendants in error did not have the right to deduct from the actual value of their shares on January 1, 1891, which they admitted to be $100 each, or $49,700 in the aggregate, the amount of United States bonds then held by the bank, $12,500, and the amount of United States treasury notes then owned by the bank, $21,470, or any part of either of said sums of money. Rev. Stats., art. 4668a; Griffin v. Heard, 78 Texas, 607; Engelke v. Schlenker, 75 Texas, 559; Rosenberg v. Weeks, 67 Texas, 582; Bank v. Rogen, 51 Texas, 608; Harrison v. Vines, 46 Texas, 15; U. S. Rev. Stats., art. 5219; Van Allen v. Assessors, 3 Wall., 573; People v. Commissioners, 4 Wall., 256; Bank v. Commonwealth, 9 Wall., 353; Talbot v. Silver Bow Co., 139 U. S., 438; Palmer v. McMahon, 133 U. S., 660; Bank v. New York, 19 Fed. Rep., 373; Commonwealth v. Bank, 96 Am. Dec., 290; 16 Am. and Eng. Encycl. of Law, 185.

*Benton Randolph* and *Campbell & Ball,* for defendants in error.—1. By the allegations of the plaintiffs' original petition for injunction, which are admitted to be true, it appears that holders of millions of dollars moneyed capital in the hands of individuals and private banks in the State of Texas, used in every branch of business in which national banks are engaged, except the issuance of money, are allowed to deduct from their assessments United States bonds and legal tender notes, and to refuse to allow national banks the same deductions is to unjustly discriminate against them. Const., art. 8, sec. 1; U. S. Rev. Stats., art. 5219; Sayles' Civ. Stats., art. 4684; Bank v. Parker, 41 Fed. Rep., 403; Bank v. Lindsay, 45 Fed. Rep., 619; People v. Weaver, 100 U. S., 547; Pelton v. Bank, 101 U. S., 143; Cummins v. Bank, 101 U. S., 153; Bank v. Britton, 105 U. S., 319; Boyer v. Boyer, 113 U. S., 701; McCulloch v. Maryland, 4 Wheat., 316; Osborn v. Bank, 9 Wheat., 738; Weston v. Charleston, 2 Pet., 449.

2. The value of national bank shares in Texas, for the purpose of being assessed, depends upon the value of the bank's franchises, capital stock, and property of all kinds, less its debts. Rosenberg v. Weeks, 67 Texas, 584; Engelke v. Schlenker, 75 Texas, 559.

3. The authority of the State to tax the shares of national bank stock is derived wholly from the act of Congress, and without the consent of Congress the bank stock shares could not be taxed by State authorities at all. McCulloch v. Maryland, 4 Wheat., 316; Osborn v. Bank, 9 Wheat., 738; Weston v. Charleston, 2 Pet., 449; The People v. Weaver, 100 U. S., 543.

4. In Texas no person or class of persons can be lawfully taxed at a higher rate than are other persons in the same district upon the same value or thing; and the objects of taxation, whatever they be (United States treasury notes or bonds), can not be taxed in the hands of one person or class of persons and exempted in the hands of another. Const., art. 8, sec. 1; Norris v. City of Waco, 57 Texas, 635; Bank v. Lindsay, 45 Fed. Rep., 619.

PLEASANTS, Associate Justice.—This appeal is from a judgment of the District Court of Walker County, rendered in April, 1892, perpetuating an injunction previously granted at the suit of the defendants in error, enjoining and restraining the plaintiff in error from collecting from said defendants the sum of $202.56$\frac{2}{12}$, assessed as taxes upon their shares in the stock of the Gibbs National Bank, of Huntsville, Texas. The capital stock of the bank consisted of 500 shares of the value of $100 each. These shares were rendered for taxation by the owners, for the year 1891, at the value of $27,884. At the time of the rendition, the 1st day of January, 1891, the bank owned $12,500 in United States bonds and $21,470 in legal tender bearing notes of the United States, and its surplus undivided profits on the day aforesaid were $1677.01. The stockholders were

summoned before the board of equalization for Walker County to show cause why the assessment of their stock should not be raised to $100 per share. In obedience to this summons, the president of the bank appeared before said board, and asked that in assessing the shares the board would allow credit for the value of the bonds and legal tender notes owned by the bank, and that these values, aggregating the sum of $33,970, might be deducted from the value of the capital stock of the bank, to-wit, $50,000; or if the board should refuse to do this, that the assessment of said stock might remain as it then stood upon the assessor's rolls. Neither of these requests were granted, both were refused, and the board of equalization fixed the value of each share of stock at the sum of $100, and the assessment rolls thus changed and amended were afterwards approved by the Commissioners Court of said county, and were placed in the hands of W. D. Adair, appellant, for collection.

The aggregate tax assessed against the appellees upon their shares of stock was $443.15$\frac{10}{12}$; $202.56$\frac{2}{12}$ of this sum appellees claim to be illegal, and they sought and obtained an injunction from the judge of the district, restraining the collection of said sum, and upon trial of the cause the injunction was perpetuated.

The facts are not controverted, and the only question presented for our decision is the right of the owners of the stock of the bank to render the same for taxation at its actual value, less the amount of the United States bonds and the legal tender notes owned by the bank on the first day of January, A. D. 1891.

It is insisted that any assessment of the shares in the stock of a national bank that denies the *right* of the owners to deduct from the value of such shares the amount of capital invested by the bank in United States non-taxable securities is illegal, because such taxation is violative of section 1, article 8, of the Constitution of the State, which declares that taxation shall be equal and uniform.

Taxes are equal and uniform, in the meaning of this article of the Constitution, when no person or class of persons in the taxing district is taxed at a different rate than are other persons in the same district upon the same value or the same thing, and the objects of taxation are the same, by whomsoever owned or whatever they be. Norris v. City of Waco, 57 Texas, 635.

A tax levied upon shares in bank stock is a tax upon one thing, and the tax levied upon the money of a private banker or the moneys of a broker is a tax upon another and a different thing; and we are therefore unable to see how this article of the Constitution is infringed by the statute, when it permits the private banker and the broker, in rendering their moneys for assessment, to except such as by the laws of the United States the State is forbidden to tax, and denies to the owner of the bank stock the right to deduct from its actual value the amount of money invested by the bank in United States bonds and in legal tender notes. This provision of the

Constitution would be violated if in this State there were other incorporated banks than national banks, and the statute should permit the owners of the stock in one class of banks to deduct from the actual value of their shares such portion of the capital of the bank as might be invested in United States securities, while it denied this privilege to the owners of the stock in the other class of banks.

It is also insisted by appellees, that the assessment of which they complain is illegal and unauthorized by law, because it is in conflict with both the letter and the spirit of the act of Congress which permits the States to levy a tax upon the shares of the owners of stock in national banks. That act is in these words: "Nothing herein shall prevent all the shares in any association from being included in the valuation of personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the association is located; but the Legislature of each State may determine and direct the manner and place of taxing all the shares of national banking associations located within the State, subject only to two restrictions, that the taxation shall not be at a greater rate than is assessed upon any other moneyed capital in the hands of individual citizens of such State, and that the shares of any national banking association owned by nonresidents of any State shall be taxed in the city or town where the bank is located, and not elsewhere."

This statute authorizes each State of the Union to deal with shares of bank stock as with any other personal property owned by its citizens, and tax it at the direction of the Legislature, subject only to the restrictions that the tax imposed shall not exceed that which is levied upon any other moneyed capital owned by citizens of such State, and that the shares of any national bank owned by nonresident citizens of the State shall be taxed in the town or city in which the bank is located, and not elsewhere.

It is not pretended that the rate of taxation levied by the State upon bank stock is higher than that levied upon any species of personal property; but it is said that the law exempts from taxation legal tender notes and United States bonds, and as the capital of national banks is of necessity, as well as by positive requirement of law, largely invested in these securities, that the value of such securities owned by any bank must be deducted from the actual value of the shares in the stock of such bank, otherwise the stockholders are subjected to more onerous taxation than are private bankers and brokers.

It would seem to be sufficient to say that the same power, that of the Federal Government, which brought into existence the national banks and gave permission to the several States to tax the shares of these banks, and to assess their values, subject to the conditions named in the act giving the permission, also prohibits the States from levying a tax upon the bonds and legal tender notes issued by that government.

There is no discrimination by the tax laws of this State against the stockholders of national banks. These institutions being fiscal agents of the Federal Government, are not subject to taxation by the State Governments. Such a tax would be an unauthorized act of the State imposing it, and therefore null and void. This is a necessary limitation upon the taxing power of the States, and as a result of this limitation, the money of the banks, unlike the money of individuals, is exempt from taxation. Money being indispensable for the purposes of banking, a tax on its money would be a tax on the bank itself. But to permit the stockholders of a bank to use its money for the purpose of reducing the assessment upon their shares of the stock would, it seems to us, be an abuse of the franchise granted to the bank. Every incorporator of a national bank knows when he becomes a member of the association that his share in the stock is subject to taxation; and when he accepts the valuable privileges granted him by the law, he assumes the burthens it imposes.

In conferring banking privileges upon certain citizens, it was not the intention of Congsess to relieve those citizens in any degree from the burdens of the State Government. This is manifest from the act of Congress which authorizes each State to tax, as any other personal property owned by its citizens, the shares of each stockholder of any national bank located within its territory. But if the rule for assessing the value of the national bank shares contended for by the defendants in error be the correct rule, then stockholders of any bank, by accumulating at the proper time upon the counters and in the vaults of their bank a sufficient amount of nontaxable government securities, have it in their power to defy the right of the State to tax, pro tanto, their personal property, while at the same time they are receiving from the State Government equal protection to themselves and their business which is afforded to other citizens, who before they are permitted to pursue their occupations are compelled by law to pay a license tax. This would be an abuse of the banking privilege never contemplated by the grantor. The citizens of every State should share equally, as far as practicable, the benefits and burthens of government.

The Supreme Court of the United States has in several instances declared the acts of some of the States to be in conflict with the act of Congress herein before recited. Such conflict has been found to exist when, as in several of the States, the law permits the citizen, when rendering his personal property for assessment, to deduct from the value thereof the amount of his debts, and yet denies this privilege to the owner of bank stock when rendering his shares to the assessor; or when, as in other States, the rule for assessing personal property for taxation is to allow a deduction of one-third or one-fourth of its actual value to all property owners except owners of national bank stock. There is no decision of that court known to us which tends to sustain the contention of defend-

ants in error; but on the contrary, in the case of Van Allen v. The Assessors, 3 Wallace, 573, it is expressly decided by a majority of the Supreme Court of the United States, after thorough and exhaustive discussion of the question, that it was not the right of the shareholders of a national bank to have deducted from the value of their shares of stock, when rendered to the State officer for taxation, the sum of money invested by the bank in United States bonds. Nor is there anything in the decisions of the Supreme Court of this State, that we have discovered, which countenances the rule for assessment of shares of bank stock which the defendants in error contend for. The evidence shows that the bank owned no real property, and therefore the question whether the assessment complained of would be correct had the bank been the owner of realty is not before us.

After mature consideration, we have reached the conclusion that the judgment appealed from is erroneous, and must be reversed and the judgment here rendered which should have been rendered by the trial court. It is therefore adjudged and ordered, that the judgment of the lower court be reversed, and that the injunction issued by the judge of said court, restraining the plaintiff in error from collecting from said defendants in error the taxes due from them upon their shares in the stock of the Gibbs National Bank, in the town of Huntsville, Texas, be dissolved; and that the suit of defendants in error against plaintiff in error, wherein the judgment here reversed was rendered, be dismissed, and that the defendant in said suit, the plaintiff in this appeal, recover his costs from the defendants in error both in this and in the District Court.

*Reversed and rendered.*

Delivered February 1, 1894.

Justice WILLIAMS did not sit in this case.

Application for a writ of error to the Supreme Court was made April 16, 1894.