BROWN et al. v. FIRST NAT. BANK OF CORSICANA et al. (No. 7076.)

(Court of Civil Appeals of Texas. Dallas. April 3, 1915. Rehearing Denied May 1, 1915.)

1. PARTIES ⊚⇒84—WANT OF PARTIES—NON-JOINDER OF DEFENDANTS—DEMURRER.

Only where the want of necessary defendants is apparent on the face of the petition can the objection be taken by general demurrer.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 134–142, 171; Dec. Dig. ⊚⇒84.]

2. PLEADING ⊚⇒214 — GENERAL DEMURRER — ADMISSION.

The allegations of a petition must be taken as true upon general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. ⊚⇒214.]

3. TAXATION ⊚⇒611—SUIT TO ENJOIN COLLECTION OF EXCESSIVE TAX—NECESSARY PARTIES DEFENDANT—STATE AND COUNTY.

In suit to enjoin collection of an unequal and excessive tax, the fact that parts of such tax belonged to the state and county did not render them necessary parties to the suit, since the collection of an assessment, illegal and void because excessive and unequal, may be enjoined in a suit for that purpose against those alone threatening the unlawful action.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. ⊚⇒611.]

4. TAXATION ⊚⇒611 — EXCESSIVE TAX — SUIT TO ENJOIN—AFFIRMATIVE RELIEF.

In an action by a number of banks and their stockholders to enjoin the collection of an excessive tax, where the pleadings alleged that their property was assessed at a proportionately greater part of its true value than that of other property owners, there was no support for an affirmative judgment in favor of one of the banks which had paid the excessive tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. ⊚⇒611.]

5. TAXATION ⊚⇒607 — EXCESSIVE TAX — COLLECTION—SUIT TO ENJOIN—DETERMINATION OF BOARD OF EQUALIZATION — DIRECT ATTACK.

A suit to enjoin collection of an excessive tax on the ground that plaintiffs' property had been assessed at a higher proportion of its true value than that of other property owners was not a collateral attack upon the action of the county commissioners' court, sitting as a board of equalization, in fixing the value of plaintiffs' property subject to taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1230; Dec. Dig. ⊚⇒607.]

6. TAXATION ⊚⇒611—MISJOINDER OF PLAINTIFFS.

Where a number of banks and their stockholders joined in a suit to enjoin the collection of a tax on the ground that it had been assessed on their property at a valuation, proportionately to its true value, greater than other property owners, the fact that no one of the plaintiff banks, and no one of the plaintiff stockholders, had any interest in the property of another bank or another stockholder, did not render the joinder of parties plaintiff improper.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. ⊚⇒611.]

7. TAXATION ⊚⇒611 — EXCESSIVE TAX — SUIT TO ENJOIN—MISJOINDER OF PLAINTIFFS.

Where a number of banks and their stockholders joined in a suit to enjoin the collection of a tax on the ground that it had been assessed on their property at a valuation, proportionately to its true value, greater than other property owners, the fact that the complaint of one of the banks alleged in addition that defendants sought to tax it on stock of other corporations owned by it, while such other corporations paid taxes on such stock, did not render the joinder of the parties plaintiff improper.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. ⊚⇒611.]

8. TAXATION ⊚⇒608 — EXCESSIVE TAX — COLLECTION—SUIT TO ENJOIN—GOOD FAITH OF ASSESSORS—MATERIALITY.

In suit to enjoin the collection of a tax, alleged to have been excessive and illegal because levied upon property of plaintiff banks and their stockholders at a valuation greater proportionately to real value than other property owners, the fact that the county commissioners' court, sitting as a board of equalization, used its best judgment and acted in good faith, without specific intent to injure the plaintiffs, was immaterial.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. ⊚⇒608.]

9. TAXATION ⊚⇒611 — EXCESSIVE TAX — COLLECTION—SUIT TO ENJOIN—INSTRUCTION.

In suit to enjoin collection of a tax alleged to have been levied on plaintiffs' property at a valuation greater proportionately to its real value than other property owners, where the evidence showed that the property taxed had a market value in the county, the instruction that "equivalent to cash," as used in a charge, meant that which in the usual and ordinary course of dealings was accepted as cash, and which was equal to and could be converted into cash, although not entirely correct, was not calculated to mislead the jury.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. ⊚⇒611.]

10. TAXATION ⊚⇒386 — BANKS — UNITED STATES BONDS.

In suit by plaintiff banks and stockholders to enjoin the collection of an excessive tax, plaintiff stockholders *held* not entitled to have deducted, in determining the value of their bank stock for taxation, the value of United States bonds owned by the banks, although such bonds cannot be taxed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 637–647; Dec. Dig. ⊚⇒386.]

11. TAXATION ⊚⇒386 — BANKS — UNITED STATES BONDS—STATUTE.

Under Rev. St. art. 7521, par. 2, making it the duty of national banks to render for taxation all bonds and stocks owned by them, except United States bonds, etc., there is no right in the stockholders of such banks to have deducted from the assets of the banks, in determining the value of their shares for taxation, the value of United States bonds owned by the banks.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 637–647; Dec. Dig. ⊚⇒386.]

12. TAXATION ⊚⇒611—BANKS—ASSESSMENT—DEDUCTION FROM ASSETS OF BANK OF DEBTS AND CIRCULATION.

In an action by banks and their stockholders to enjoin the collection of a tax, alleged to be illegal because the property of the plaintiffs had been assessed at a greater proportion of its true value than that of other property owners, where the court instructed that the jury, in determining the value of the bank shares, should consider the amount and value of all the property and assets of the banks and all their liabilities, the refusal of requested charges that, in arriving at the value of the shares, they

could not deduct the debts of the banks from their assets, nor could they deduct the value of the circulation of each bank, was improper.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. ☞ 611.]

13. TAXATION ☞386 — BANKS — ASSESSMENT OF STOCK—STOCK IN OTHER CORPORATIONS.

In determining the value of bank stock for taxation to the holders, shares of stock held by banks in industrial corporations should be considered.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 637–647; Dec. Dig. ☞386.]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by the First National Bank of Corsicana and others against W. J. Brown and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

McClellan & Prince, R. S. Neblett, and J. H. Rice, all of Corsicana, for appellants. Richard Mays, of Corsicana, for appellees.

TALBOT, J. The appellees, First National Bank of Corsicana, and 9 other banks, state and national, located in Navarro county, Tex., and the stockholders in said banks, numbering about 181, brought this suit against the appellants, R. R. Owen, county judge of Navarro county, J. N. Edens, W. L. Mederis, J. R. Slay, and W. B. Payne, county commissioners of Navarro county, constituting the board of equalization of said county, and W. J. Brown, tax collector and tax assessor, respectively, of said county, to have declared illegal certain taxes assessed against them and to restrain the collection of said taxes. Appellees alleged: That the officers of the banks, at the direction of the tax assessor, furnished him with a list of the stockholders, together with the capital, surplus, and profits of said banks, but that no value was placed upon the shares of stock by such officials, that individual plaintiffs did not render their shares of stock for taxes, nor were they called upon to do so, nor were they given notice by the taxing authorities, as to their dealings with said stock, and that they did not authorize the rendition of said shares by the bank officials. That the board of equalization adopted as the market value of said shares of stock the aggregate of the capital, surplus, and profits of said banks, divided by the number of shares of said banks, respectively, and fixed the taxable value of said shares at from 65 per cent. to 83 per cent. of its reasonable cash market value. That the tax assessor made no assessment against the banks, nor against the shareholders, and that, after the board of equalization fixed the tax value at 65 per cent. to 83 per cent. as aforesaid, it gave the shareholder no notice of such action. That all other property in Navarro county was equalized and assessed by the board on the basis of 35 per cent. of its reasonable cash market value. That it had become an established, general, and uniform custom, for a long period of time prior thereto, to assess property at less than its market value in Navarro county, and that, in pursuance thereof, the board assessed property, other than that owned by banks and stockholders therein, at an average of 35 cents on the $100 of valuation; whereas, they assessed bank stock and bank property at from 65 per cent. to 83 per cent. of such value. That said board during the time they were acting upon the property rights of plaintiffs with full knowledge of said existing custom, and in recognition of the same, and with the design and intention of observing it, listed and equalized real estate and personal property, other than that of national and state banks, at the sum of 35 per cent. on the $100 of its reasonable cash market value, and intentionally and pursuant to a definite system, and with the design of imposing an unequal burden of taxation on plaintiffs, said board wrongfully, illegally, and arbitrarily fixed and assessed the value of said bank stock of plaintiffs (appellees), and each of them, at from 65 per cent. to 83 per cent. on the $100 of its book value, and its book value being its reasonable cash market value and not more. That the action of said board in so fixing the value of other property at 35 per cent. of its reasonable cash market value, and fixing the value of the bank stock of plaintiffs at from 65 per cent. to 83 per cent. on the $100 of its reasonable cash market value, done in pursuance of said system and custom, and intentionally followed, as aforesaid, was an illegal and arbitrary discrimination against plaintiffs, constituted a legal fraud upon them, was not in fact an equalization of the taxable value of their property with other property of the county, but was an intentionally illegal, systematic, and arbitrary assessment of plaintiffs' property at about double the proportionate value at which said board fixed the value of other property, as aforesaid, belonging to other persons in said county, and is violative of article 8, section 1, and article 1, section 19, of the Constitution of Texas, and section 1 of the fourteenth amendment to the Constitution of the United States.

The appellees further alleged that appellees rendered their property for taxation by furnishing lists of the stockholders to the tax assessor, together with the capital, surplus, and undivided profits of said banks, and that the tax assessor transmitted such rendition to the board of equalization; that the board of equalization raised them, and that this raising was without notice to the stockholders, and that in this respect the board of equalization acted illegally, arbitrarily, and contrary to law. Appellees admitted that they owed certain taxes, aggregating $2,326.52, and offered to pay the same. It is also claimed that certain of the stockholders of the banks (appellees) appeared before the board of equalization and protested against

the action of the tax assessor and the board of equalization, and that the action of the said board was taken over and against the protest of said banks (appellees). In this connection it is alleged that all of the banks (appellees) had notice of the action of the board of equalization, but that appellees stockholders did not have notice. The prayer of plaintiffs' petition is, in substance, that an injunction be issued restraining the collection of the illegal tax; that appellants be restrained from making levy upon their property, from adding penalties to the amount of said tax, and from instituting suits to enforce the collection of said taxes, and from in any way attempting to collect said illegal taxes; that citation issue, and that the injunction on final hearing be made perpetual, and that the assessment by the tax assessor and the board of equalization be set aside and canceled, and that the tax collector be perpetually enjoined from collecting said taxes.

The defendants answered by general and special demurrers and plea of not guilty or general denial, and further answered that the commissioners' court of Navarro county, sitting as a board of equalization, acted in accordance with law, after hearing evidence, fixed the valuation of appellees' property, and entered an order to that effect, which remains final, and, further, that said commissioners' court, acting as a board of equalization, with the sole purpose, desire, and intent to make the appellees' property bear its equal proportion of taxation, and without intention to discriminate, used its best judgment, and acted upon the best information it could obtain, to make the value of appellees' property equal and uniform with all other property in Navarro county subject to state and county taxes, and with no desire, intent, or purpose to place a greater burden upon it than upon other property. They prayed, also, that the temporary injunction be dissolved, and that they be permitted to proceed with the collection of said taxes.

The trial was had before a jury and submitted on special issues. It resulted in a verdict and judgment declaring the assessment illegal as against appellees stockholders and appellees banks, and finding that the banks owed an amount less than admitted by them to be just and correct, and perpetually enjoining appellants from the collection of said taxes, and from making levies, or threatened levies, and from adding penalties, from instituting suits, or in any way attempting to collect the taxes claimed to be illegal. Their motion for a new trial being overruled, the appellants excepted, and perfected an appeal to this court.

[1-3] The first assignment of error complains of the overruling of appellants' general demurrer to appellees' petition. It is contended that this action of the court was error: (1) Because it appears from the petition that the county of Navarro owns the larger portion of the taxes involved, from the collection of which appellants are perpetually enjoined, and said county is not made a party to the suit; (2) because it appears from said petition that a large portion of said taxes belongs to the state of Texas, and said state is not made a party to the suit. Appellees, in reply to this assignment, assert that the nonjoinder of Navarro county and the state of Texas as defendants herein could not be raised by a general demurrer. This assertion is correct, except, probably, in cases where the want of proper or necessary parties is apparent on the face of the petition, and if the state of Texas and county of Navarro were necessary parties to this suit, for the reason that a part of the taxes sought to be enjoined belonged to each, then the fact was apparent from the allegations of the petition and the law applicable thereto, and the nonjoinder could, it would seem, be taken advantage of by general demurrer. Williams v. Bradbury, 9 Tex. 487; Shelby v. Burtis, 18 Tex. 645; Railroad Co. v. Le Gierse, 51 Tex. 189. However this may be, we think that neither the county of Navarro nor the state of Texas was a necessary part to this action.

The rule announced by the Constitution and laws of this state for the taxation of property is "equality and uniformity, and in order to secure uniform and equal taxation the property of all persons and corporations must be taxed in proportion to its value." The facts alleged in appellees' petition show that the assessment and equalization of their property and that of other property owners in Navarro county was not made according to the same rule or standard of value, and the purpose of this suit was to enjoin the collection of that portion of said taxes, which they assert was illegal and void on account of the alleged excessive valuation of appellees' property as compared with the assessed and equalized valuation of other taxable property, and the consequent discrimination against them. The allegations of appellees' petition, as against the general demurrer, must be taken as true, and these allegations show that the appellants were attempting, in their official capacities, to deprive appellees of a right secured to them by both the state and federal Constitutions. If that portion of the assessed taxes of which appellees seek to be relieved is illegal and void for the reason asserted by appellees, then its collection could be enjoined, it occurs to us, in a suit for that purpose against those alone threatening such unlawful act, no matter in what capacity or upon what pretense they assumed to proceed. Porter v. Langley, 155 S. W. 1042. It would seem that, if the state or county is a necessary party to a suit of this character, the nonjoinder would be a fundamental error which the courts should take notice of without an objection being urged to the petition on that ground, and it is a significant fact that of the many such suits passed on by the appellate courts of this state in none has it been declared

that the state or county was a proper or necessary party, except in the case of Texas Co. v. Daugherty, 160 S. W. 129, and such holding was later expressly withdrawn by the court as being unnecessary to the conclusion reached that the judgment of the trial court should be affirmed.

[4] The fourth assignment of error complains of the court's action in rendering judgment in favor of appellee First State Bank of Kerens, against the appellants, for the sum of $142.60, on the ground that the pleadings did not authorize such judgment. The judgment of the court has the following recital:

"As to the plaintiff First State Bank of Kerens, it appearing that it paid the full amount of taxes claimed against it by the defendants in the sum of $208.95, with the agreement and understanding that, if the plaintiffs won in the present suit, all taxes over and above the sum lawfully held to be due, as a result of said litigation, would be returned and paid to said bank by the defendants: It is ordered and adjudged that the said plaintiff First State Bank of Kerens recover of and from the defendants the difference between the aforesaid sum of $65.35 and said amount paid, $208.95, as aforesaid, said difference being the sum of $142.60, and for which let execution issue."

We have been unable to discover any pleading in the record to authorize this recovery. The petition does not allege that the appellee First State Bank of Kerens paid the $208.95 mentioned in the judgment, or any part of it, under protest, and that it was seeking to recover the same. Nor did it allege that either of the appellants had agreed to return any part of said sum in the event it was held upon a trial of this case that said appellee had paid more taxes than was lawfully due by it. The suit is simply one in which all the appellees join to restrain the collection of taxes charged to be illegal, and appellee First State Bank of Kerens did not seek by pleading in any form to recover a judgment against either of the appellants for taxes paid by it. The judgment in its favor for $142.60 is therefore without pleading to support it and must be set aside.

[5] The fifth and sixth assignments of error are to the effect that the court erred in overruling appellants' special exception to appellees' petition, alleging that appellees' suit is one to revise the action of the commissioners' court of Navarro county, sitting as a board of equalization, relating to the assessment of property for taxes belonging to appellees, and that such action was final and not subject to review. The proposition is that, it appearing from appellees' petition that the county commissioners' court of Navarro county, sitting as a board of equalization, had passed upon the complaint of appellees, and had acted thereon, and had adjudicated and fixed the value of appellees' property subject to taxation, the action of said court sitting as a board of equalization became final, and was not subject to a collateral attack in the district court. These

assignments should not be sustained. The suit is not a collateral, but a direct, attack upon the action of the commissioners' court, sitting as a board of equalization, with reference to the assessment of appellees' property for taxation. The allegations of the petition showing the nature and object of the suit are fully set out in a former part of this opinion, and, as said by counsel for appellees, the alleged illegal acts of the appellants and wrong thereby inflicted were charged to be the result of denying to appellees the equality of taxation secured by the Constitution of the state of Texas, which equality thereby required necessarily depended upon uniformity of assessment. Lively v. Railway Co., 102 Tex. 545, 120 S. W. 852. The allegations of their petition show the amount of taxes which would have been due by appellees, had their property been assessed on the same basis as other property in Navarro county, and that they had tendered their amount to the tax collector of said county, and that the same had been refused. The alleged excessive and illegal tax, which appellees were called upon to pay by reason of the assessed value placed upon their property by the board of equalization, was set out in detail, and said excess thereof charged to be arbitrary, 'an illegal and fraudulent tax against them. It was further alleged that appellants were threatening to enforce the collection of the illegal tax thus imposed, by levy upon and sale of property belonging to appellees, together with the 10 per cent. penalty, etc., provided by law, and that appellees were without an adequate remedy at law to' prevent the same. Under the allegations of the petition, appellees were entitled to invoke the equitable relief sought, and the special exception in question was properly overruled. Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71 (writ of error denied); Lively v. Railway Co., 102 Tex. 545, 120 S. W. 852; Langley v. Smith, 126 S. W. 660; Porter v. Langley, 155 S. W. 1042.

[6, 7] The next contention is that the court erred in overruling appellants' special exception to appellees' petition charging a misjoinder of parties plaintiff and causes of action, for that—

"each corporate plaintiff complains of the act of the assessor and the commissioners' court affecting it, when neither one of the banks plaintiffs has any interest in the property owned and cause of action asserted by its coplaintiff banks, and for that each stockholder in the respective banks is complaining of the act of the assessor and board of equalization in fixing a liability against his property, and no stockholder has any interest in the property and cause of action owned and asserted by his coplaintiffs, the stockholders in the other banks."

The question here raised has been expressly decided against the contention of appellants. In Morris v. Cummings, 91 Tex. 618, 45 S. W. 383, the Supreme Court of this state said:

"We think in a case like this, in which the collection of an illegal tax affecting numerous

persons is sought to be enforced, any one or more of the parties sought to be subjected to the imposition may, in the same suit, invoke the interposition of a court of equity to restrain the collection"—citing Blessing v. Galveston, 42 Tex. 641; George v. Dean, 47 Tex. 73.

The right to maintain such a suit is recognized in many other cases, which need not be cited. The appellees in the case at bar were all similarly affected by the alleged act of the board of equalization in assessing and equalizing their property for taxation at a much greater per cent. of its valuation than that at which other property was assessed, and the ruling in the cases cited is directly applicable. That the appellees First National Bank of Corsicana and its stockholders complained, in addition to the other matters set up, that appellants sought to tax it on stock it owns in other corporations, while such other corporations pay the taxes on such stock, etc., does not, we believe, alter the case. But so far as this appeal is concerned the ruling on the special exception in this particular was harmless; for while the special exception was overruled, yet in his charge to the jury, the court instructed them that they would not allow the First National Bank of Corsicana any credit or offset for stock owned and held by it in other corporations.

[8] The ninth assignment is that the court erred in refusing to submit the following special issue to the jury requested by appellants:

"Did the commissioners' court of Navarro county, sitting as a board of equalization, use its best judgment in fixing the rate and basis of value of all property in Navarro county subject to taxation for 1912, and in distributing the burden of taxation equally and uniformly on all property in said county, subject to taxation?"

We think the issue here sought to be submitted was immaterial in determining the rights of the parties. That appellees' rights cannot be made to turn upon whether the commissioners' court, sitting as a board of equalization, exercised its best judgment in fixing the rate and basis of value of all property in Navarro county, subject to taxation in 1912, seems certain. The question is: Did the action of the court, so sitting, have the effect to deny to appellees the right of equal taxation—equal protection of the Constitution and laws of the state? If so, they were entitled to be relieved from such effect, whether it was the result of the exercise of good or bad judgment. In either event the action of the court resulted in an unjust and forbidden discrimination in the assessment of property for taxation, and it is no answer to the suit of appellees to say that, notwithstanding such result, the action of the board of equalization was based upon its best judgment, and therefore the aggrieved parties have no remedy.

Nor is the intention with which the acts of the appellants were done of any consequence. "It is not necessary that the officers in so discriminating should have intended specific-

ally to injure the appellee." Lively v. Railway Co., supra. So the contention of appellants to the effect that if the commissioners' court, sitting as a board of equalization, acted honestly and in good faith in equalizing the values of property in Navarro county for the year 1912, their act was final, cannot be sustained, and all assignments of error under which such contention is made in any form must be overruled.

[9] The court instructed the jury that the reasonable and fair market value of real estate, or of bank stock, or of any other property, is the price for which such commodity will sell upon the market for cash or its equivalent, when offered for sale in reasonable quantities, and that the term "equivalent," as used in the charge, "means that which in the usual and ordinary course of dealing is accepted as cash and which is equal to and can be converted into cash." This charge is made the basis of appellants' sixteenth assignment of error, and the court's definition of the word "equivalent" is said to be erroneous for several reasons. These reasons have been considered, and while we are inclined to the opinion that the charge is not entirely free from some of the criticism urged against it, still we think, especially in view of the fact that there was ample evidence to show that lands, bank stock, and personal property had a market value in Navarro county, the charge was not, if not entirely correct, calculated to mislead the jury, and hence furnishes no ground of itself for a reversal of the case.

[10] The seventeenth assignment complains of the following charge of the court:

"You are instructed that to determine the reasonable and fair market value of real estate, if any, owned by plaintiff banks on January 1, 1912, you will keep in mind the definition heretofore given you in paragraph No. 2. And you are instructed that to determine the reasonable and fair market value of bank stock you will keep in mind said definition, and you will reckon and take into consideration the amount and value of all of the property and assets of the bank, and all its liabilities, on that date. And you may consider the age, experience, and management of the bank in connection therewith. And from the value of the stock, as thus ascertained, you will deduct the value of all real estate and all United States bonds owned by the bank, and the result thus ascertained will be the reasonable and fair market value of such bank stock."

The objection to this charge is that it "instructs the jury to deduct the value of all United States bonds owned by the banks in determining the value of bank stock for taxation." This objection is well taken. While it is well settled that United States bonds cannot be taxed, it is also well settled that stockholders of banks cannot have deducted, in determining the value of bank stock for taxation, the value of such bonds owned by the bank. Adair v. Robinson, 6 Tex. Civ. App. 275, 25 S. W. 734; Van Allen v. Assessors, 3 Wall. 573, 18 L. Ed. 229; Home Saving Bank v. Des Moines, 205 U. S.

516, 27 Sup. Ct. 571, 51 L. Ed. 901. In the case last cited the Supreme Court of the United States, speaking through Mr. Justice Moody, said:

"Although the states may not in any form levy a tax upon United States securities, they may tax, as the property of their owners, the shares of banks and other corporations whose assets consist in whole or in part of such securities, and in valuing the shares for the purposes of taxation it is not necessary to deduct the value of the national securities held by the corporation whose shares are taxed."

Following this statement of the court is an elaborate discussion of the question, with a citation of many authorities, and it seems that anything we might add thereto would be superfluous.

[11] The contention of appellees in reply to this assignment to the effect that the statutes of Texas provide that, in determining the taxable value of shares of bank stock, the value of United States' bonds owned by the bank should be deducted, is not in our opinion correct. Paragraph 2 of article 7521 of the Revised Statutes makes it the duty of national banks to render for taxation all bonds and stock of every kind owned by the bank, except United States bonds, which are not taxable, together with all other personal property belonging or pertaining to the bank, except such as is specially exempted from taxation by the laws of the United States; but we find nothing anywhere in the statute to the effect that United States bonds shall be deducted in determining the value of shares of stock for taxation. Hence the decisions cited are not rendered inapplicable by statute, and control, we think, a decision of the question.

[12] The court also erred, we think, in refusing to instruct the jury as requested by appellants, that in arriving at the value of the shares of stock held by appellees in the various banks they could not deduct the debts of the bank from the property it owned. This charge was especially made necessary by reason of language used in the third paragraph of the court's instructions to the jury. They were told in this paragraph of the charge, among other things, that in determining the value of the appellants' bank stock they were "to take into consideration the amount and value of all the property and assets of the bank and all its liabilities." The language in this charge authorizing the jury to take into consideration "all the property and assets of the bank and *all its liabilities*" was calculated to lead the jury to believe that in arriving at the value of appellants' bank stock they should deduct the debts of the bank from the property it owned. The special charge refused would have prevented the jury from being thus misled and should have been given. For practically the same reason we think the requested charge of appellants, to the effect that the jury in arriving at the value of any bank stock involved herein could not deduct the value of the circulation of each bank, should have been given.

It is assigned that the verdict of the jury is contrary to the evidence, in that the evidence shows that the respective shares of stock of the several banks suing are worth, and had a market value in 1912, largely in excess of the value found by the jury. There is at least apparent foundation for this view of the evidence; but as the case will be reversed and remanded, and probably a different finding made on another trial, it becomes unnecessary to consider and pass upon the question.

Appellants present a number of other assignments of error. Some of them have been disposed of adversely to appellants by what has already been said, and those that have not been so disposed of do not disclose reversible error.

[13] The appellees present a cross-assignment of error complaining of the sixth paragraph of the court's charge to the jury. In that paragraph of the charge the jury was instructed that the shares of stock held by the First National Bank of Corsicana in several named industrial corporations should be reckoned by them in determining the reasonable and fair market value of the shares of stock of said bank. The proposition asserted is that the charge is erroneous—

"for the reason that it operated to enforce liability for double taxation against appellees stockholders in the First National Bank of Corsicana, and is violative of section 1, article 8, of the Texas Constitution, and of section 1 of the fourteenth amendment to the Constitution of the United States."

In support of this proposition the learned counsel for appellees makes a forcible argument; but we do not believe his position can be maintained. We think the shares of stock referred to are assets of the bank that should be considered in arriving at the market value of its shares of stock, and the court's charge correct; but, in view of the fact that the case will be reversed and remanded for a new trial, and of this already lengthy opinion, we shall not now enter upon a discussion of the question and review of the authorities bearing upon the same. For the purposes of this appeal, and another trial in the lower court, it is sufficient for us to say at this time that the charge in question states the law upon the subject to which it relates correctly, and was appropriately given in this case.

For the reasons indicated, the judgment is reversed, and the cause remanded.