## AMHERST INDEPENDENT SCHOOL DIST. v. TOMES.

### No. 4056.

Court of Civil Appeals of Texas. Amarillo. Sept. 6, 1933.

J. H. Wood, of Amherst, and Joiner & Cook, of Plainview, for appellants.

Jas. A. Gowdy, of Olton, and T. Wade Potter, of Littlefield, for appellee.

HALL, Chief Justice.

The appellee, Tomes, filed this suit to restrain the appellant school district, its board of equalization, and the district assessor and collector of taxes from attempting to collect the taxes assessed against his land, upon the ground that the value of his land, as compared with the values fixed by the board of equalization, was illegal and discriminatory. The prayer is for a temporary writ of injunction, and that upon final hearing it be made permanent.

The defendants answered, denying that they were guilty of any fraud or wrongdoing in fixing the value of appellee's land for taxing purposes; that they used their best judgment in honestly and fairly equalizing values in the district, and that appellee's suit was a collateral attack upon the decision of the board of trustees and the board of appraisers.

A temporary injunction was granted, and upon final hearing the appellants were enjoined from collecting taxes upon appellee's land at the valuation of $10,790. The court found that a fair valuation was $8,300, and rendered judgment for the appellant district based upon such valuation.

The district has appealed, and presents the case here upon one proposition, as follows: "Where the proof shows that the Amherst Independent School District, through its board of equalization, has fairly and honestly endeavored to reach a correct valuation of all property in said district, a mistake upon its part under such circumstances, is not subject to review by the court."

The appellee's first counter proposition is that the action of the board of equalization in refusing to hear testimony as to the value of the land was arbitrary, wrongful, and an abuse of its discretion; the second counter proposition is that the evidence clearly shows discrimination against appellee in placing a grossly higher value upon his land than upon other lands in the district; and, third, that the valuation placed by the board was so excessive as to raise a presumption of fraud.

The facts are that Tomes rendered his land at $45 per acre. The board of equalization raised the valuation to $65 per acre. The testimony given and introduced by Tomes was to the effect that the board of equalization refused to hear any testimony upon the issue of the fair cash market value of the land on January 1, 1931. W. F. Roland, a member of the board of equalization, denied that the board refused to hear testimony. Since the court did not base his judgment upon that question, it is unnecessary for us to discuss it. According to the judgment, the court found that the district and its officers had been guilty of illegal and wrongful discrimination against Tomes in assessing, levying, and attempting to collect school taxes for the year 1931 by fixing the value of his land at $10,790.

Under the record there is only one question before us, and that is whether the court's finding that the assessment against Tomes was discriminatory is supported by the evidence.

Tomes introduced five witnesses, experienced real estate men and parties living in the vicinity of the property in question, who testified fixing the value of his land on the 1st day of January, 1931, at from $35 to $37.50; only one witness fixing it at from $35 to $40. Roland alone testified for the district that the valuation placed upon the land by the equalization board, of which he was a member, was not too high. It was not shown that the renditions made by other property owners in that vicinity had been increased in proportion to so great an extent as the rendition made by Tomes. The evidence in the record is sufficient to sustain the court's finding that the discrimination against Tomes in increasing the value of his land approximately 50 per cent. above its real value was so great as to authorize the court to enjoin the collection of taxes based upon such value.

There is no merit in the contention that the suit is a collateral attack upon the judgment of the school board or board of equalization. Brown v. First National Bank (Tex. Civ. App.) 175 S. W. 1122; Kirby v. Transcontinental Oil Co. (Tex. Civ. App.) 33 S.W.(2d) 472; Power v. Andrews (Tex. Civ. App.) 253 S. W. 870.

Where the court heard the witnesses, observed their manner of testifying, and has decided purely an issue of fact, this court is not authorized to reverse the judgment based thereon.

The judgment is therefore affirmed.