

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. A. Taylor
County Auditor
Brazoria County
Angleton, Texas

Dear Sir:

> Opinion Number o-1846
> Re: Collection of delinquent
> taxes in drainage districts.
> Disposition of sinking funds
> after retirement of bonds.

We are in receipt of your opinion request, and quote
from you letter as follows:

"This county is divided into nine separate drain-
age districts, organized at different times, and
each one issued bonds for the construction of the
systems.

"Now some of those districts are paying off the
last of those bonds, and we are not putting a tax
levy on those districts that have enough in their
interest and sinking fund account to pay the bal-
ance outstanding.

"But, some taxpayers are delinquent for the years
in the past when there was a tax levy assessed for
the payment of those bonds and interest, and the
county is bringing suit to collect all delinquent
taxes. Some taxpayers are refusing to pay this
delinquent drainage tax, because all the outstand-
ing bonds have been paid. The Tax Collector has
asked for instructions, and I advised him that he
should collect the taxes delinquent for all the

UNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. A. Taylor, page 2

years that there was a levy on those districts.

"Now, I ask that you kindly give us your opinion on the matter. And at the same time, I will ask that you tell me what disposition we can make of the money collected for the interest and sinking funds after all the bonds and interest have been paid, and there is a balance in cash left on hand.

"We have the same situation in road districts, too, in that all the bonds have been paid, and a cash balance is left in the interest and sinking fund, and I do not find any law as to the disposition of the money.

"To attempt to refund the money to the taxpayers would entail a cost that would exceed the amount of money to be refunded.

"I have been transferring these balances to the construction fund of that district. But I will ask that you rule on the matter."

Article 8136, Revised Civil Statutes of Texas, provides:

"When bonds have been voted, the Court shall annually levy and cause to be assessed and collected taxes upon all property within the district, whether real, personal or otherwise, and sufficient in amount to pay the interest on such bonds as it falls due, and to redeem such bonds at maturity. Such taxes when so collected shall be placed in the interest and sinking fund."

Article 8140 provides:

"In the assessment and collection of the taxes authorized hereunder, and in all matters pertain-

Honorable F. A. Taylor, page 3

ing thereto or connected therewith, the county tax assessor and collector shall have the same powers and shall be governed by the same rules, regulations and proceedings as provided for the assessment and collection of State and county taxes, unless otherwise herein provid d. The court shall constitute a board of equalization for such district, and all laws governing boards of equalization for State and county taxing purposes shall govern such district board."

Article 8141 provides:

"The taxes authorized hereunder shall be a lien upon all property assessed therefor. The Court shall, and it is empowered to, fix the time and determine the date when such taxes shall become due and payable, otherwise they shall become due and payable at the same time as State and county taxes. Upon the failure to pay such taxes when due, the penalty provided by law for failure to pay State and county taxes at maturity shall in every respect apply to taxes hereunder."

Article 8144 provides:

"The collector shall make a certified list of all delinquent property upon which the drainage tax has not been paid, and return same to the Court, which shall proceed to have the same collected by the sale of such property in the same manner provided by law for the sale of property for the collection of State and county taxes. The commissioners may purchase any property so sold, for the benefit of the district."

We think when construed together, these articles not only authorize but require the Commissioners' Court to direct the bringing of suits for the collection of delinquent taxes levied and assessed upon property of drainage districts.

Honorable F. A. Taylor, page 4

Taxes that were properly assessed and levied for bond purposes, that are now delinquent, should be collected even though there is now sufficient money in the sinking fund to retire said bonds. Article 8, Section 1, Constitution of Texas, provides "Taxation shall be equal and uniform."

The courts of this State have held:

"Taxes are 'equal and uniform' within the meaning of the Constitution, when no person or class of persons in the territory taxed is taxed at a higher rate than others in the same district upon the same values or thing and when the objects of taxes are the same, by whomsoever owned or whatever they be." Weatherly Independent School District, et al vs. Hughes et al., 41 S.W. (2d) 445; Norris vs. City of Waco, 57 Tex. 685.

Taxation would not be equal and uniform, within the meaning of the Constitution, if these taxpayers were exempt at this time from paying the bond tax which was properly assessed and levied and had been paid by others, because it would amount to one group paying a higher rate of taxes than others within the same district.

In reply to your last two questions, there is no provision in our law for what drainage or raod districts shall do with any excess funds collected from the taxes levied over and above the amount required to pay the principal and interest on bonds. As to what disposition should be made of these excess funds, we are enclosing herewith a copy of Attorney General's Opinion Number O-218, written by the Honorable Geo. W. Barcus, Assistant Attorney General, and addressed to the Honorable A. A. Miller, County Attorney, Newton County, Texas, which fully expresses this department's view in the matter. Although this opinion is concerned only with road districts, we think that the same reasons would apply

Honorable F. A. Taylor, page 5

to drainage districts as well.

Trusting that this answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Claud O. Boothman*
Claud O. Boothman
Assistant

COB-s

APPROVED MAR 21, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE