

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

June 17, 1965

*See: 390 SW2d 361*
*Nelson vs. Blanco ISD*

Honorable J. W. Edgar
Commissioner
Texas Education Agency
201 East 11th Street
Austin, Texas

Opinion No. (C-457)

Re: Whether a consolidated
independent school
district may use the
tax assessments of the
independent school
district which is con-
solidated into it for
purposes of assessing
taxes for the consolidated
district, when the district
included has not levied any
tax pursuant to its asses-
sments.

Dear Mr. Edgar:

You ask our opinion in answer to two questions re-
lating to assessment for ad valorem taxes of property
within a former independent school district which has
been consolidated with another independent school district
under Article 2806, Vernon's Civil Statutes. Your questions
and our answers are:

Question 1:

"Should or legally may the San Marcos
Condolidated Independent School District's
tax office accept or use the Martindale
district tax renditions and tax valuations
for 1965 as recited assessed prior to May
22, 1965; or

Our Answer: No.

Question 2:

"Legally should the said consolidated
district also assess or re-assess the former

Martindale district taxable property this
year -- such assessed valuations to be pre-
sented to its board of equalization as asses-
sed valuations of other taxable properties
within the consolidated district?

Our Answer:  Yes.

## FACTS

The necessary facts for consideration are as follows.
On May 22, 1965, the San Marcos Independent School District
in Hays County and the Martindale Independent School District
of Caldwell County voted under Article 2806 to consolidate.
We assume as correct your statements that the consolidation
was legal in all respects and that the new consolidated district
shortly will vote a maintenance tax and bond assumption which
also will be legal.

The San Marcos district has its own tax assessor and
collector.  The Martindale district assessed its own taxes,
having its own assessor and it used the County Tax Assessor-
Collector for the collection thereof as authorized by Article
2792, Vernon's Civil Statutes.

For example, in 1964, the taxpayers would timely render
their property for county-state and school taxes to the
County Tax Assessor-Collector.  The Martindale assessor would
get his information as to such renditions from the County Tax
Assessor-Collector's office; he would then make an assessment
for the school taxes by applying an "across-the-board" per-
centage increase, prepare his tax rolls about July showing
such determined valuations and forward same to the County Tax
Assessor-Collector for collection.  Across the top of the tax
roll, the district assessor would indicate that the tax rate
of the district was $1.50, and the taxes would be collected
based on the tax rolls so submitted by applying the $1.50 rate.

As of May 22, 1965, (when consolidation was voted) the
Martindale renditions in 1965 followed the practice recited
above.  The Assessor has not submitted his assessments for
action by a board of equalization and has not prepared the
1965 tax rolls; nor had the Board of Trustees of the former
Martindale district prior to said May 22 levied a 1965 school
tax.

The San Marcos Independent School District has assessed all taxable properties within its former district and the consolidated district's equalization board has been appointed to begin its work thereon in the immediate future.

## OUR OPINION

We do not consider any aspect of delinquent taxes in the Martindale district, nor do we consider any aspect of either the maintenance tax or the bond assumption tax as applied to that District excepting only as to certain procedures relative to their assessment necessary to answer your questions. We discuss your two questions together.

The nature of the power of an independent school district to tax is stated in Geffert v. Yorktown Independent School Dist., 290 S.W. 1083 (Comm.App. 1927) wherein the court stated with reference to the taxing power of the defendant independent school district:

>"It is elementary that corporations such as defendant in error are special creatures of the statute and have such powers only as are specially given or are implied as a necessary incident to those expressly conferred. Such districts have no inherent power to tax the citizen. Such power is conferred by the statute, and, being a special grant of authority, the power must be exercised in strict conformity with the mandatory direction of the Legislature. Nowhere is this principal more rigidly adhered to than in the matter of taxation. . . ." (at p. 1084)

Articles 2791 and 2792 of Vernon's Civil Statutes govern the assessment and collection of taxes by both the original San Marcos and Martindale school districts and by the newly consolidated district. Neither of these statutes, either explicitely or implicitely, authorize the new district to accept or use the Martindale district's renditions and tax valuations for 1965 in assessing any taxes it may assess and levy. We might conclude our opinion at this point; but we will add the following in further support of our holdings.

Your recitation of facts submitted to us states that the Board of Trustees of the former Martindale district prior to the date of the election on May 22, 1965, at which consolidation was effected had not levied a 1965 school tax.  Taxes do not accrue against property until after there has been both an assessment and levy.  Attorney General Opinion V-943 (1949). Because no such tax had been levied the Board of Trustees of the former Martindale district may not now make any levy of any tax; the taxing power over the entire new consolidated district has passed into the exclusive hands of the new district, to be exercised by that District in conformity to Article 2791, 2792 and other relevant provisions of our Civil Statutes.  Geffert v. Yorktown Independent School Dist., supra; Yorktown Independent School Dist. v. Afferbach, 12 S.W.2d 130 (Comm.App. 1929); Blewitt v. Megargel County Line Ind. Sch. Dist., 285 S.W. 271 (Comm.App. 1929); Cadena v. State, 185 S.W. 367 (Tex.Civ.App. 1916, error ref.); Mullings v. Colfax Consolidated School Dist., 18 S.W.2d 940 (Tex.Civ.App. 1929).

A valid assessment of property is an indispensable prerequisite to the validity of a tax, and involves the preparation of a list of the property subject to assessment and taxation. White v. McGill, 109 S.W.2d 1102 (Tex.Civ.App. 1937, rev. on other grounds, 131 Tex. 231, 114 S.W.2d 860, 1938).  And, the assessment of taxes involves more than a ministeral function, it requires the exercise of the discretion of the assessor. Electra Independent School Dist. v. Waggoner Estate, 140 Tex. 483, 168 S.W.2d 645, 652 (1943); Sullivan v. Bitter, 113 S.W. 193 (Tex.Civ.App. 1908). See Articles 1044 and 7359, Vernon's Civil Statutes, relating to assessment of taxes by cities, as referenced in Articles 2791 and 2792.

Section 1 of Article VIII of our Constitution requires that ad valorem taxes throughout the new district be equal and uniform.  This Section 1 in its pertinent portion reads as follows:

"Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal,

shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. . ."

If the San Marcos Consolidated Independent School District's tax office accepts and uses the prior Martindale tax assessments and tax valuations for the year 1965, taxation of the property within the consolidated district would not be "equal and uniform." See Mullins v. Colfax Consolidated School Dist., supra; Weatherly Independent School Dist. v. Hughes, 41 S.W.2d 445 (Tex.Civ.App. 1931).

## S U M M A R Y

The San Marcos Consolidated Independent School District may not use the tax assessments of the Martindale Independent School District but must assess all property throughout the consolidated district at an equal and uniform rate.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: W. E. Allen

W. E. Allen
Assistant Attorney General

WEA:sjl

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
John F. Pettit
J. H. Broadhurst
Gordon C. Cass
John Banks
APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright