CITY OF SWEETWATER et al. v. BIARD DEVELOPMENT CO. (No. 860.)

(Court of Civil Appeals of Texas. El Paso. May 9, 1918.)

1. MUNICIPAL CORPORATIONS ⬤═979—TAXES —ENJOINING COLLECTION—ARBITRARY DISCRIMINATION.

A taxpayer is entitled to injunction against collection of tax illegal because of arbitrary discrimination against him.

2. MUNICIPAL CORPORATIONS ⬤═979—TAXES —ARBITRARY DISCRIMINATION—EVIDENCE.

Evidence, in suit to enjoin collection of tax, that the rule of the board of equalization was to value property at 75 per cent. of its market or intrinsic value, but that they placed on plaintiff's property a value grossly in excess thereof is sufficient, at least, to raise an issue of arbitrary discrimination.

3. TRIAL ⬤═234(4)—INSTRUCTIONS—SPECIAL ISSUES.

Where a case is submitted on special issues, general instructions to find for a party, if certain facts be found, are improper.

4. APPEAL AND ERROR ⬤═732—ASSIGNMENTS OF ERROR—CONFORMITY TO MOTION FOR NEW TRIAL.

Assignments of error not being true copies of paragraphs of the motion for new trial, as required by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612) will not be considered.

Appeal from District Court, Nolan County; W. W. Beall, Judge.

Suit by the Biard Development Company against the City of Sweetwater and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Geo. T. Wilson and A. S. Mauzey, both of Sweetwater, for appellants. Jno. J. Ford, of Sweetwater, for appellee.

Statement of Case.

HIGGINS, J.. This suit was filed by appellee seeking an injunction to restrain the city of Sweetwater, and certain of its officers, from collecting certain taxes. It was alleged that the imposition of said taxes was an arbitrary and illegal discrimination against appellee by said city, acting through its board of equalization.

Appellee averred that on January 1, 1916, it was the owner of certain lots in the Snell Park addition to the city of Sweetwater, and through its proper officer made a regular rendition of said lots for taxation for said year, and rendered same at their fair, reasonable, and intrinsic value; the same having no market value; that afterwards the board of equalization of the city arbitrarily discriminated against plaintiff and raised the valuation of said lots from $11,010 as rendered to $18,325.

It was further averred that the board of equalization equalized and assessed all property in Sweetwater on the basis of or less than its cash market value, where it had a market value, and where it had no such value, then it was assessed at or less than its reasonable intrinsic value; that the action of the board of equalization in fixing and placing the value of plaintiff's property far in excess of its reasonable, fair, and intrinsic value was an illegal and arbitrary discrimination against plaintiff, and a legal fraud upon it, and was not in fact an equalization of plaintiff's property with other property in the city, but was an intentional and arbitrary assessment of plaintiff's property at a value of about two-fifths above the proportionate value fixed on other property in the city, in violation of article 8, § 1, and article 1, § 19, of the Constitution of Texas and section 1 of the fourteenth Amendment to the federal Constitution.

The case was submitted to a jury upon special issues. The facts found are as follows: That the sum of $11,010 at which plaintiff rendered its lots was not the full, true cash value thereof on January 1, 1916; that the true, full cash value thereof at said time was $13,743.75; that the valuation of $18,325 placed thereon for said year by the board of equalization was grossly excessive; that said board, in passing upon and raising the value of plaintiff's lots, placed a per cent. value thereon grossly in excess of 80 per cent. of their true cash value, and that the raise in the valuation of plaintiff's lots was

so grossly excessive as to work a fraud on plaintiff in its property rights.

In addition to the facts found by the jury it is shown by the undisputed evidence that the board of equalization in equalizing values assessed property upon the basis of 75 per cent. of its market value, where it had such value, and, if it had no such value, then upon the basis of 75 per cent. of its real and intrinsic value.

### Opinion.

[1] The refusal of a peremptory instruction in defendant's favor is assigned as error. The right to an injunction to restrain the collection of a tax illegal by virtue of an arbitrary discrimination against the taxpayer in property valuations is well settled. The question has been often before the courts of this state, and it will serve no purpose to review the authorities. The right has been recognized and enforced in the following cases: Lively v. Railway Co., 102 Tex. 545, 120 S. W. 852; Brown v. Bank, 175 S. W. 1122; Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71; Linz v. City of Sherman, 62 S. W. 71.

[2] Appellant does not question the correctness of the rule announced, but contends there is no evidence of an arbitrary discrimination against appellee by the board of equalization in the value placed on appellee's property by said board. In this view we cannot concur. It is admitted that in equalizing values, the board valued the real estate in the city upon the basis of 75 per cent. of its market or intrinsic value, as the case might be. But the jury has found, and the evidence supports the finding, that the board placed a valuation upon appellee's property that was grossly in excess of its true cash value and grossly in excess of 80 per cent. of its value. This evidence alone is sufficient to support a finding that the valuation made by the board was an arbitrary discrimination against appellee rather than the exercise of an honest judgment as to such values. Linz v. City of Sherman, and Johnson v. Holland, supra. In any event, it was sufficient to raise an issue as to such a discrimination. There was therefore no error in refusing the peremptory instruction.

[3] The refusal of the special charges complained of in the second and third assignments present no error. These are charges instructing the jury to find for defendants, if they found certain facts to be true. In cases submitted on special issues, it is obvious that general instructions to find for or against the parties are improper. It has been repeatedly so held. See Moore v. Coleman, 195 S. W. 212, and cases there cited in opinion on rehearing.

[4] We decline to consider the remaining assignments for the reason that they are not

true copies of any of the paragraphs of the motion for new trial. Notwithstanding the plain and simple provisions of chapter 136, Acts of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), the appellants filed assignments of error the same as if there were no such law as that mentioned. It is the assignments so subsequently filed that appellants present in their brief. The first three we have considered because they are virtually the same in form and substance as the corresponding paragraphs of the motion for new trial. The remaining assignments constitute a reconstruction of the corresponding paragraphs of the motion, and it is the uniform rule of this court to decline to consider such assignments. Riggs v. Baleman, 198 S. W. 813; Edwards v. Youngblood, 160 S. W. 288; Dees v. Thompson, 166 S. W. 56; Watson v. Patrick, 174 S. W. 632.

We are at a loss to understand why counsel should persist in refusing to observe the plain provisions of the above quoted law which says that the assignments in the motion for new trial shall constitute the assignments on appeal. This court has never seen any reason why it should permit counsel to evade this law. On the contrary, the reasons are obvious why it should be enforced. It is nevertheless a fact that briefs are constantly being filed in this court which take no notice whatever of the law. It is an unfortunate thing that litigants should lose important rights, because their lawyers refuse to observe plain statutory provisions, but it seems there is no way to prevent it unless the courts simply treat such provisions as dead letters. We do not think the courts are at liberty to do so, and that it is our duty to enforce legislative provisions.

It is always a matter of regret with this court to refuse consideration of assignments other than upon their merits. But when the statute mentioned is disregarded, we always do it, and we take this occasion to again express the hope that lawyers practising before this court will observe the statute, so that the rights of their clients may be considered upon their merits.

Affirmed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.