## EARLY et al. v. CITY OF WACO. (No. 589.)

Court of Civil Appeals of Texas. Waco.
Feb. 2, 1928.

1. **Taxation** ⬤=⇒608(5)—**Mere difference of opinion regarding reasonableness of valuations of board of equalization will not warrant interference by courts.**

Mere difference of opinion as to reasonableness of valuations of board of equalization, when such valuations, though deemed erroneous, are result of honest judgment, will not warrant interference by courts.

2. **Taxation** ⬤=⇒611(6)—**Evidence did not raise issue of fraud where board of equalization raised assessments.**

In suit to restrain taxing officials from collecting part of taxes assessed, evidence *held* not to raise an issue of fraud where there was no evidence tending to show any improper mo-

tive on part of board of equalization in raising plaintiffs' assessments.

**3. Taxation ☞611(6)—Evidence did not show that amount of assessment fixed by board of equalization was excessive.**

In suit to restrain taxing officials from collecting part of taxes assessed, evidence *held* not to show that amount of assessment as fixed by board of equalization was excessive.

**4. Taxation ☞490—Decisions of board of equalization fixing taxable value involve issue of fact, are judicial in nature, and are final (Rev. St. 1925, arts. 1048–1052, 1054, 7211, 7212).**

Decisions of board of equalization, provided for by Rev. St. 1925, arts. 1048–1052, 7211, 7212, in fixing taxable value of property, involve an issue of fact, and such decisions are judicial in their nature and, under article 1054, are final.

**5. Taxation ☞490—Collateral attack on judgment of board of equalization fixing taxable value cannot be justified, in absence of fraud or something equivalent.**

Collateral attack on judgment of board of equalization in fixing taxable value of property cannot be justified in absence of fraud or something equivalent thereto.

**6. Taxation ☞611(6)—Where evidence merely raises issue whether assessment is excessive, no evidence of fraud justifying collateral attack on decision of board of equalization is shown.**

Where evidence goes no further than to raise an issue of fact as to whether assessment is excessive, no evidence of fraud justifying a collateral attack on decision of board of equalization is shown.

**7. Taxation ☞611(6)—Excessive valuation can be considered as evidence of fraud, justifying collateral attack on decision of board of equalization only where it is so grossly out of way as to show board did not act honestly.**

Excessive valuation can itself be considered as evidence of fraud on part of board of equalization in fixing taxable value of property justifying collateral attack on board's decision only in cases where it appears as matter of law that assessment is excessive, and not only excessive, but so grossly out of way as to show that board could not have been honest in its valuation.

Barcus, J., dissenting.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by W. W. Early and others against the City of Waco and others. From the judgment, plaintiffs appeal. Affirmed.

Trippett, Boggess & Sheehy, of Waco, for appellants.

John McGlasson, of Waco, for appellees.

STANFORD, J. Appellants filed this suit against the city of Waco, its commissioners and its tax assessor and collector, to restrain said city and its taxing officers from collecting a part of the taxes assessed for the year 1926 against certain real estate and personal property owned by appellants, located in said city. On the conclusion of the evidence the court refused to submit any issue as to the tax levy upon appellants' real estate, and rendered judgment denying appellants any relief from the taxes so assessed for the year 1926. Appellants have duly appealed from the court's judgment and present the record here for review.

Under several assignments, appellant contends, in effect, that, in a suit to enjoin collection of taxes under an excessive assessment, where the evidence showed said city assessed property upon a basis of two-thirds of its value, and there was evidence showing plaintiff's property was assessed at more than two-thirds of its value, the court should submit to the jury issues to find the reasonable market value of plaintiff's property. Under other assignments appellants contend the court was in error in refusing to submit their specially requested issue to the jury to find whether or not appellants' property was assessed upon the same proportionate part of its value as other real estate in the city of Waco for the year 1926. We will consider all of these assignments together.

Appellants alleged, in substance:

That they rendered to the tax assessor for the city of Waco their property for the year 1926 at its reasonable taxable value, as follows:

Lot A, block 9 (Exchange Hotel) at........ $40,000 00
Lot B 8, Fl. 8 (Neale Building) at.......... 30,000 00
Lots 5, 6 & 7, Blk. 20 (Behrens Drug Co. Building) at .............................. 30,000 00
Lots B, 8, 9, 10 & E, Blk. 19 (Early Gr. & Seed Co. Bldg.) at...................... 40,000 00

That the regular policy and plan adopted by the city for 1926 and for a number of years prior thereto had been to assess property at two-thirds of its cash market value. That the board of equalization for said year 1926, over the protest of appellants, raised the rendition of the above-described property to more than two-thirds of its value, as follows:

The first being raised from $40,000.00 to $49,920.00
The second being raised from $30,000.00 " $36,510.00
The third being raised from $30,000.00 " $40,320.00
The fourth being raised from $40,000.00 " $48,420.00

That said assessment increase was arbitrary, wrongful, fraudulent, and in violation of the Constitution of the state of Texas and of the United States, etc. Appellants introduced three witnesses as to the value of said property, to wit, Hubby, Moore, and Early, one of the appellants. Hubby testified that the first piece was worth $55,000; Moore and Early each testified it was worth $60,000. Hubby testified the second piece was worth

$35,000; Moore and Early put it at $45,000. Hubby testified the third piece was worth $30,000; Moore said $40,000; and Early $35,000 to $40,000. Hubby did not testify as to the value of the fourth piece, but Moore and Early put it at $50,000. It will thus be seen appellants' own witnesses differed as much as $10,000 as to the value of some of said pieces of property.

The record discloses: That in 1925, in order that taxation might be as nearly equal as possible, the equalization board, with great care and considerable expense, revalued for taxation all real property in Waco, including appellants' property, and called to their assistance all available means in order to make said revaluation as nearly accurate as possible. That in 1926 the same valuation was taken as the basis for fixing the valuations throughout the city. That the equalization board for 1926, in fixing the value of appellants' property, did not just adopt the valuation for 1925, but only used it as a basis, as they did in arriving at the value of all other property for the year 1926. They notified appellants of their intention to raise their rendition. Appellants and their witnesses appeared before the board and were heard. The board in person examined said property, and the board heard evidence of the value of appellants' property and other lots fronting on the same street or streets and on the same side of the street and in the same block or blocks as appellants' property, and of other lots on the same street or streets further away in both directions from appellants' property. That said board fixed exactly the same value on appellants' lots as they did on all other lots adjoining appellants' property and fronting the same street or streets. All of said witnesses testified without contradiction that they assessed appellants' property on the same basis as they did all other property in the city; that they tried to fix the true taxable value, and did so as nearly as it was possible for them to do so.

It is true article 8, § 1, Constitution of Texas, provides: "Taxation shall be equal and uniform." It is also true articles 7211, 7212, and 1048 to 1052, of the Revised Statutes of 1925, and article 215 of the charter of the city of Waco in pursuance of article 8, § 18, of the Constitution of Texas, provide for boards of equalization, and provide that such boards shall have power to send for persons, books, and papers, subpœna and swear witnesses, to hear evidence of the value of property, and to thus ascertain the value of property for taxation, and, if they find it is necessary to raise the valuation, then to set a date for a hearing and to notify the owner the date for such hearing, and on said date to hear the evidence of the owner and such witnesses as he may produce and such other evidence as the board may think necessary to determine the fair taxable value of such property. Such proceeding is judicial in its nature, and our statute (article 1054), which applies to cities, towns, and villages, provides:

"The action of said board at said meeting shall be final, and shall not be subject to revision by said *board* or by any other tribunal." (Italics ours.)

The action of the board of equalization being judicial in its nature, our courts rightfully and very properly and wisely hold, as said in Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71:

"Because the law has devolved on the board of equalization, and not on the courts, the duty of making such valuations, we hold it is not the duty of the courts to exercise any supervisory care over its valuations, so long as it acts within the scope of the powers with which it is invested, and in obedience to what may reasonably be presumed to be an honest judgment, however much we may disagree with it."

And, as said in Druesdow v. Baker, 229 S. W. 493, by the Commission of Appeals, approved by our Supreme Court:

"The decisions of the tax board in the matter of valuations are quasi judicial in their nature. This action is therefore a collateral attack upon the judgment of a quasi judicial tribunal. Such an attack cannot be justified in the absence of fraud, or something equivalent thereto, lack of jurisdiction, an obvious violation of the law, or the adoption of a fundamentally wrong principle or method, the application of which substantially injures complainant. No mere difference of opinion, as to the reasonableness of its valuation, when such valuations, though deemed erroneous, are the result of honest judgment, will warrant interference by the courts. Pittsburgh, C., C. & St. L. R. Co. v. Backus, 154 U. S. 434, 14 S. Ct. 1114, 38 L. Ed. 1039; Western Union Telegraph Co. v. Taggart, 163 U. S. 30, 16 S. Ct. 1054, 41 L. Ed. 49."

In I. & G. N. Ry. Co. v. Smith County, 54 Tex. 1, our Supreme Court said:

"The expressed intention of the law is to make the decisions of the board of equalization final on the question of valuation. If that tribunal errs, and affixes an excessive valuation, that fact gives the taxpayer no right to resort to the courts for relief."

See, also, T. & P. R. Co. v. Harrison County, 54 Tex. 119, 123; 4 Cooley on Taxation, pp. 3221, 3222, § 1612, where the author says:

"Classification for the purpose of taxation cannot be interfered with, unless it is so clearly arbitrary or unreasonable as to invade some constitutional right. In regard to assessments, courts cannot interfere with the exercise of discretion by the assessor or board of equalization and ordinarily questions of excessive valuation are not reviewable. Courts cannot substitute their judgment as to the valuation of

property for the judgment of the duly constituted tax authorities."

See, also, 37 Cyc. p. 1112.

Practically if not all the cases cited by appellant come within the exception mentioned in Druesdow v. Baker, supra, where a fundamentally wrong principle of method of assessment is adopted, the application of which results in substantial injury to the complainant. As coming under this exception, see Lively v. M., K. & T. R. Co., 102 Tex. 545, 120 S. W. 852; Power v. Andrews (Tex. Civ. App.) 253 S. W. 870; Brown v. Bank (Tex. Civ. App.) 175 S. W. 1122; Garza Land & Cattle Co. v. Redwine Independent School Dist. (Tex. Civ. App.) 282 S. W. 905; Porter v. Langley (Tex. Civ. App.) 155 S. W. 1042; Langlay v. Smith, 59 Tex. Civ. App. 584, 126 S. W. 660; City of Breckenridge v. Pierce (Tex. Civ. App.) 251 S. W. 316.

[1] Appellants' pleading was sufficient, and, if there had been evidence tending to show that the board was guilty of fraud, or something equivalent thereto, then such issue should have been submitted. No mere difference of opinion as to the reasonableness of its valuations, when such valuations, though deemed erroneous, are the result of honest judgment, will warrant interference by the courts.

As there is no contention in this case that there is any evidence that the board, in fixing the taxable value of appellants' property, adopted any fundamentally wrong principle or method, as was claimed in the case of Lively v. M., K. & T. R. Co., supra, and other cases cited by appellants, the only remaining question to be considered is, Was there evidence tending to show said board was guilty of any other acts that could be considered as evidence of legal fraud? Johnson v. Holland, Tax Collector, 17 Tex. Civ. App. 210, 43 S. W. 71 (writ refused); Druesdow v. Baker (Tex. Com. App.) 229 S. W. 493; Union Independent School Dist. v. Sawyer (Tex. Civ. App). 259 S. W. 637; Stair v. Smith, County Judge, et al. (Tex. Civ. App.) 299 S. W. 660; Coulter v. L. & N. R. Co., 196 U. S. 599, 25 S. Ct. 342, 49 L. Ed. 615. There is no evidence in the record that said board, in arriving at the taxable values of appellants' property, acted arbitrarily or with any improper motive, or with any intention to discriminate against appellants or to do otherwise than to arrive at a fair, honest, and reasonable taxable value of same on the same basis that all other property in the city was assessed, unless the assessment was so excessive, if it was excessive, as to be evidence of bad faith on the part of the board. We have not overlooked the rule as stated in Johnson v. Holland, supra, that:

"Where * * * the valuation is so grossly out of the way as to show that the assessor could not have been honest in his valuation—

must reasonably have known that it was excessive—it is accepted as evidence of a fraud upon his part against the taxpayer."

This statement of the rule was copied from the opinion in Pacific Hotel Co. v. Lieb, 83 Ill. 602, which was later modified by the same court in Spring Valley Coal Co. v. People, 157 Ill. 543, 41 N. E. 874, where the court said:

"Great stress is laid upon the remark made in Hotel Co. v. Lieb, 83 Ill. 602, that where the valuation is so grossly out of the way as to show that the assesor could not have been honest in his valuation, and must reasonably have known that it was excessive, it is accepted as evidence of a fraud upon his part against the taxpayer, and the court will interpose. The decision of the question of fraud or no fraud would, no doubt, depend upon the circumstances under which, in each particular case, the excessive valuation was made. If it was manifest from these circumstances that the assessment could not have been honest, but was actuated by a malicious motive, then the conclusion of fraud would result. But the mere fact of overvaluation will not of itself establish fraud. Trust Co. v. Weber, 96 Ill. 346; Keokuk & H. Bridge Co. v. People, 145 Ill. 596, 34 N. E. 482."

[2] The rule as announced in Pacific Hotel Co. v. Lieb, supra, and copied in Johnson v. Holland, supra, does not appear to ever have been expressly approved by our Supreme Court, and we think the rule as announced in Spring Valley Coal Company v. People, supra, is the better and most generally accepted rule. If we apply the latter rule, the evidence failed to raise an issue of fraud, for there is not a circumstance in the record tending to show any improper motive on the part of the board in raising appellants' assessment. However, if we apply the rule as announced in Johnson v. Holland, supra, the same result follows. In the case of Johnson v. Holland, the value of the land was raised from $44,740 to $66,960, and the valuation of some town lots raised from $2,796 to $14,196, and the court held this so grossly out of the way as to show that the assessor could not have been honest in his valuation—must reasonably have known that it was excessive—so such excessive valuation was accepted as evidence of fraud. In the case of Jayton Independent School District et al. v. Rule-Jayton Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 631, the plaintiff had rendered its property at $40,000 and the board raised such rendition to $95,000. In this case a member of the board testified that he knew the assessment was excessive, but they had to have funds to pay expenses of the county. Plaintiff, upon the ground that such action of the board was arbitrary and discriminatory and done for the purpose of taxing plaintiff's property far above its market value, and that such act was therefore void, sought a temporary injunction, restraining the collection of tax-

es on this excessive valuation. The court in this case says:

"A preliminary hearing was had, and, on proof being offered in support of the allegations of the petition, a temporary injunction was granted, from which this appeal is taken."

The court did not discuss the evidence heard, nor did it discuss the question as to whether the action of the board in raising the assessment from $40,000 to $95,000 was evidence of fraud on the part of the board, discussed and held that the trial court had the right to grant a temporary injunction to prevent the board from clouding appellee's title by fraudulently raising its assessment, etc., and affirmed the judgment. In the case of City of Sweetwater et al. v. Biard Development Co. (Tex. Civ. App.) 203 S. W. 801, appellee had rendered his property at $11,010, and the board raised it to $18,325, and appellee sought to restrain such action on the grounds of fraud, discrimination, etc., on the part of the board, and the Court of Civil Appeals said:

"But the jury has found, and the evidence supports the finding, that the board placed a valuation upon appellee's property that was grossly in excess of its true cash value and grossly in excess of 80 per cent. of its value. This evidence alone is sufficient to support a finding that the valuation made by the board was an arbitrary discrimination against appellee rather than the exercise of an honest judgment as to such values. Linz v. City of Sherman [Tex. Civ. App.] 62 S. W. 71, and Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71."

No writ of error was applied for in this case. The case of Linz v. City of Sherman, supra, was to recover taxes for the year 1923. The petition alleged the property was rendered by appellant for $5,000 and that the board raised the valuation to $17,000, and appellee, city of Sherman, sought to recover and did recover $217.60 taxes on said lot at the valuation of $17,000. Appellant Linz pleaded that prior to January 1, 1923, there was a brick house on said lot, but that, on the last day of December, 1922, said brick house was totally destroyed by fire, leaving the lot, which was of the value of only $5,-000, which valuation was accepted by appellee's assessor, but appellee's board arbitrarily and fraudulently raised the assessment from $5,000 to $17,000. The judgment of the trial court was affirmed by the Court of Civil Appeals; said court holding, in effect, that the facts did not show such an excessive valuation as to raise a presumption of fraud on the part of the board.

[3] Even under the rule announced in Johnson v. Holland, supra, as to when the alleged excessive assessment itself becomes evidence of fraud on the part of the board, it is said the mere fact that the assessment appears to be excessive is not sufficient to entitle it to be considered as evidence of fraud, but it must be so grossly excessive or out of the way as to show that the assessor could not have been honest in his valuation—must reasonably have known that it was excessive—before the assessment itself can be considered as any evidence of fraud.

We cannot say that the amount in this case as fixed by the board was excessive. The taxable value of the four pieces of appellants' property as fixed by the board was $175,170. The value of said property as testified to by Mr. Early, one of the owners and appellant herein, was $195,000; so, according to his evidence, the board fixed the taxable value at about 89 per cent. of the actual value, but, as above stated, in 1925, the board with great care revalued all real estate in the city, using every available means to ascertain the actual value of each piece of property, and this 1925 valuation was taken as the basis in fixing the valuation of all property, including appellants', for the year 1926, and the board in 1926 again heard evidence of the value of appellants' property, and examined same in person and heard evidence of all adjoining property similarly situated, and fixed the taxable value of appellants' property the same in 1926 as it was in 1925. Of course, property may have decreased in value from 1925 to 1926, resulting in the taxable value for 1926 being more than two-thirds of its actual value, but, if so, no discrimination is thereby shown, for all property in the city was assessed on the same basis.

[4-6] The decisions of the board of equalization in fixing the taxable value of property involve an issue of fact, and such decisions are judicial in their nature and declared by our statutes to be final. This action is therefore a collateral attack upon the judgment of a quasi judicial tribunal. Such an attack cannot be justified, in the absence of fraud or something equivalent thereto, any more than the judgment of any other judicial tribunal. The action of the board in fixing the taxable value of property cannot be attacked except for fraud, and, this being true, where the evidence goes no further than raise an issue of fact as to whether or not the assessment is excessive, no evidence of fraud is shown; for it would certainly not be permissible to have a jury pass upon the issue of fact as to whether or not the assessment was excessive, and, if found excessive, then to consider this fact so found as evidence of fraud. This would be permitting a jury to pass upon the same issue of fact passed upon by the board, in order, if their finding is different from the board's, to have something to be considered as evidence of fraud. If this were the law, the judgments of our courts would be of no value and would never settle anything, and every tax assessment could be tried out in our courts.

[7] The circumstances stated in Johnson v. Holland, supra, under which an excessive

valuation can itself be considered as evidence of fraud, applies only in cases where it appears as a matter of law that the assessment is excessive, and, not only excessive, but so grossly out of the way as to show that the board could not have been honest in their valuation, before it could be considered as evidence of fraud. The assessment as fixed by the board in this case could not be considered as evidence of fraud, because the evidence made an issue of fact as to whether such assessment was in fact excessive, and, if it was excessive, the record furnishes no grounds for contention that it was so grossly excessive or out of the way as to entitle it to be considered as evidence of fraud. There was no evidence of fraud on the part of the board in raising appellants' rendition of their real estate, and, this being true, there was no issue for the jury. We overrule all of appellants' assignments.

The judgment is affirmed.

BARCUS, J. (dissenting). I regret that I cannot agree with my associates in the disposition of this cause. I think beyond question the testimony raised an issue of fact to be submitted to the jury with reference to whether appellants had been discriminated against in violation of their constitutional and statutory rights by having their property assessed at a higher valuation for taxes than other property of like kind and character. The testimony shows without dispute that the tax assessor of the city of Waco assessed property at two-thirds of its market value, and that the equalization board was endeavoring to have all property in the city of Waco equalized in accordance therewith. The members of said board each testified that they endeavored to see that all property was assessed at two-thirds of its real value. There are four separate tracts of land involved in this litigation. Appellants rendered same for taxes for $140,000, and the equalization board raised same to $175,470. According to some of the witnesses, the actual value of the four tracts of land was $170,000. Other witnesses placed it as high as $195,000. The trial court refused to submit the issue to the jury for it to determine whether appellants' property was assessed at a higher value than that assessed against other property in the city of Waco. If the testimony of some of the witnesses is true, appellants' property has been assessed at more than its market value, when all other property in the city of Waco has been assessed at 65 per cent. of its market value. It seems to be the universal holding of our courts that it is a question of fact to be determined by the trial court or jury as to whether there has been a discrimination against a party by the tax assessor or equalization board in raising the value of property as assessed by the owner. Appellant W. W.

Early testified in this case that, at the time the equalization board raised his property, he appeared before them and complained, and testified before the board that the property was not worth the amount for which they had it assessed, and that the rendition as he gave it was more than two-thirds of its real value. He further testified that the equalization board at said time heard no other witnesses and took no further testimony. The members of the equalization board testified that they took no other testimony but that they did personally inspect the property of appellants after they had raised the assessment.

The authorities all seem to hold that a party claiming that he has been discriminated against in the assessment of his property for taxes has a right to have the question determined by a jury. City of Sweetwater v. Biard Development Co. (Tex. Civ. App.) 203 S. W. 801; Brown v. First Nat. Bank (Tex. Civ. App.) 175 S. W. 1122 (error refused); Power v. Andrews (Tex. Civ. App.) 253 S. W. 870; Brundrett v. Lucas (Tex. Civ. App.) 194 S. W. 613; section 1, art. 8, state Constitution. In the case of City of Sweetwater v. Biard Development Co., supra, the court held, in substance, that, where the record shows the equalization board valued real estate at 75 per cent. of its market value for taxable purposes, and the jury found that the valuation placed upon appellee's land was grossly in excess of said amount, said finding was sufficient to show an arbitrary discrimination against appellee rather than the exercise of an honest judgment as to such values. In Power v. Andrews, supra, the court held that the equalization board did not have a right to assess all real estate for school purposes at three times the value placed thereon by the county tax collector, regardless of what the property might be worth, although all of the property was assessed on the same basis; that it was violative of section 1 of article 8 of the Constitution, which provides that all taxes shall be equal and uniform and all property taxed in proportion to its value. In Brown v. First Nat. Bank, supra, the court stated that if, as a matter of fact under the evidence, the equalization board did not value all of the property on an equal basis, the taxpayer was entitled to relief, and used this language:

"Nor is the intention with which the acts of the appellants were done of any consequence. 'It is not necessary that the officers in so discriminating should have intended specifically to injure the appellee.' * * * So the contention of appellants, to the effect that, if the commissioners' court, sitting as a board of equalization, acted honestly and in good faith in equalizing the values of property in Navarro county for the year 1912, their act was final, cannot be sustained."

This holding was specifically followed in the case of Garza Land & Cattle Co. v. Red-

wine Independent School District (Tex. Civ. App.) 282 S. W. 905. In this case the evidence shows all other property in Waco was rendered at 65 per cent. of its market value, and the evidence tends to show that appellants' property was assessed at more than its real market value. I do not think the rules with reference to issues of fact are or should be any different in tax suits than in others, and, if the jury should find as a matter of fact that appellants' property was rendered for more than its actual value, or that they have been discriminated against, whether intentionally or otherwise, they would be entitled to relief. The trial court in this cause did submit the issue as to whether the personal property had been excessively rendered, and the jury found it had, and the same rule, as I view it, applies with reference to the real estate. I cannot see any reason why the trial court should have discriminated and submitted issues as to the personal property and refused to submit issues with reference to the real estate. In my opinion, the judgment of the trial court should be reversed, and the cause remanded.